WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Anthony Drafting & Design, LLC, et al., <br><br> Plaintiff, <br><br> v. <br><br> Sabin Lee Burrell, et al., <br><br> Defendants. | No. CV-18-00970-PHX-ESW <br><br> **ORDER** |

The Court has reviewed the parties' briefing concerning (i) the Motion for Partial Summary Judgment (Doc. 87) filed by Plaintiff John Anthony Drafting & Design LLC and (ii) the Motion for Summary Judgment (Doc. 89) filed by Defendants Sabin Lee Burrell, Kayla Jantz, 5650 Wilkinson, LLC, and Black Dog Management, L.P.[1] For the reasons set forth herein, the Motions (Docs. 87, 89) will be denied.[2]

## I. LEGAL STANDARDS

Summary judgment is appropriate if the evidence, when reviewed in a light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

---

[1] The parties have consented to proceeding before a Magistrate Judge pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C.§ 636(c). (Doc. 36).

[2] Although requested, the Court does not find that oral argument on the Motions is necessary.

P. 56(a). Substantive law determines which facts are material in a case and "only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Anderson,* 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970)); *Harris v. Itzhaki,* 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of intent, should be left to the jury.") (citations omitted).

When moving for summary judgment, the burden of proof initially rests with the moving party to present the basis for his motion and to identify those portions of the record and affidavits that he believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the movant fails to carry his initial burden of production, the non-movant need not produce anything further. The motion for summary judgment would then fail. However, if the movant meets his initial burden of production, then the burden shifts to the non-moving party to show that a genuine issue of material fact exists and that the movant is not entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 248, 250; *Triton Energy Corp. v. Square D. Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in his favor. *First Nat'l Bank of Ariz. v. Cities Serv.*

*Co.,* 391 U.S. 253, 288-89 (1968). However, he must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v.Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal citation and emphasis omitted); *see* Fed. R. Civ. P. 56(c)(1).

Conclusory allegations unsupported by factual material are insufficient to defeat a motion for summary judgment. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); s*ee also Soremekun v. Thrifty Payless, Inc.,* 502 F.3d 978, 984 (9th Cir. 2007) ("[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment"). Nor can such allegations be the basis for a motion for summary judgment.

## II. BACKGROUND

This is a copyright infringement action. Plaintiff John Anthony Macewicz ("Macewicz") owns an architectural design firm named John Anthony Drafing & Design, LLC ("JADD"). (Doc. 93 at 5, ¶ 10). Defendants Sabin Lee Burrell ("Burrell") and Kayla Jantz ("Jantz") are husband and wife. In March 2015, Defendant Burrell entered into a written agreement with JADD for the design of a residential home. (*Id.* at 6, ¶¶ 13-15). The structure at issue is located at 5650 North Wilkinson Road in Paradise Valley, Arizona and is referred to herein as the "Burrell Residence." (Doc. 90 at 2, ¶ 3). Defendant Burrell is the sole manager and member of Defendant 5650 Wilkinson, LLC, which is the record owner of the Burrell Residence. (*Id.* at 9-10, ¶¶ 50-52). Defendant Burrell also is the manager of Panzer Investments, LLC, which is Defendant Black Dog Management, L.P.'s general partner. (Doc. 98 at 10, ¶ 112). Defendant Black Dog Management, L.P. provided financing for the construction of the Burrell Residence. (*Id.*, ¶¶ 113-15). Burrell, Jantz, 5650 Wilkinson, LLC, and Black Dog Management, L.P. are collectively referred herein as the "Burrell Defendants." The remaining four Defendants are (i) Craig Banner ("Banner"); (ii) American Tradition Builders, Inc. ("ATB"); (iii)

Tom Spencer ("Spencer"); and (iv) CBAN, LLC.[3] On April 11, 2016, Defendants Burrell, ATB, and CBAN, LLC entered into a contract for the construction of a residence (the "Building Contract"). (Doc. 90 at 9, ¶ 43).

Plaintiff Macewicz states that in May 2016, he applied to register the copyright for the Burrell Residence's design. (Doc. 88-2 at 4, ¶ 14). The Certificate of Registration issued by the Copyright Office reflects that the title of the protected work is "Burrell Residence." (Doc. 88-3 at 4). The Certificate of Registration lists an effective date of May 3, 2016, with June 9, 2015 as the date of first publication. (*Id.*). In January 2018, Plaintiff Macewicz assigned all copyrights in the Burrell Residence to Plaintiff JADD. (Doc. 88-5 at 3). Plaintiffs contend that the home constructed pursuant to the Building Contract infringes on the copyrights in the Burrell Residence's design. In its Amended Complaint, Plaintiffs assert that the Burrell Defendants are liable for vicarious and contributory copyright infringement. (Doc. 54 at 10, ¶¶ 38-39). One of the Burrell Defendants' contentions is that Plaintiff JADD's copyright is not valid because the Burrell Residence does not constitute an original architectural work.

## III. DISCUSSION

### A. Plaintiff JADD's Motion for Partial Summary Judgment (Doc. 87)

Architectural plans and drawings are entitled to copyright protection under the Federal Copyright Act. 17 U.S.C. § 101 et seq. "Architectural work" is defined as "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings." 17 U.SC. § 101. Plaintiff JADD moves for summary judgment that it owns a valid copyright in the Burrell Residence's design. (Doc. 87).

To establish copyright infringement, a party must show (i) ownership of a valid copyright and (ii) unauthorized copying by another party of the constituent original elements of the work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361

---

[3] These Defendants have not moved for summary judgment.

(1991). A certificate of registration made within five years of the first publication of the work "constitutes *prima facie* evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid." *Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1106 (9th Cir. 1990) (citing 17 U.S.C. § 410(c)). In order to rebut the presumption of validity, an alleged infringer must offer "some evidence or proof to dispute or deny the [copyright holder's] prima facie case of infringement." *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (internal quotation marks and citation omitted). Because "originality is the indispensable prerequisite for copyrightability," the alleged infringer may rebut the presumption of validity by showing that "the [copyright holder's] work is not original." *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992). Where the accused infringer offers evidence that the plaintiff's product was copied from another work or other probative evidence as to originality, the burden of proving validity shifts back to the plaintiff. *Entm't Research Grp. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217-18 (9th Cir. 1997) (citing *North Coast Indus.*, 972 F.2d at 1033).

Although originality is the prerequisite for copyrightability, the "originality requirement does not mean that for valid copyright protection, the copyright must represent something entirely new under the sun." *North Coast*, 972 F.2d at 1033. Originality requires that a work "owes its origin" to the "author," whose contribution is "more than a trivial variation, something recognizably his own." *Id.* (quoting *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157, 1163 n.5 (9th Cir. 1977)). The Supreme Court has held that "the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Feist*, 499 U.S. at 345 (internal quotation marks and citation omitted); *see also Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir. 1988) ("[T]he originality requirement for obtaining a copyright is an extremely low threshold, unlike the novelty requirement for securing a patent. Sufficient originality for copyright purposes amounts to little more

than a prohibition of actual copying."). With regard to architectural works, originality can be expressed in the "overall form" and "arrangement and composition of spaces." 17 U.S.C. § 101.

Here, Plaintiff JADD has produced evidence that it holds a Certificate of Registration for the Burrell Residence's design that was issued by the United States Copyright Office within five years of its first publication. (Doc. 88 at 4, ¶ 15; Doc. 88-3 at 4). The Burrell Defendants have not presented sufficient evidence controverting that assertion. The Court finds that Plaintiff JADD has provided prima facie evidence of owning a valid copyright in the Burrell Residence's design. In an attempt to rebut the presumption of validity, the Burrell Defendants assert that Plaintiff Macewicz copied another architect's work in designing the Burrell Residence. (Doc. 92 at 4-10). The Burrell Defendants explain that Burrell and Jantz provided Plaintiffs with "an example of the contemporary home [Burrell] and Jantz wanted to have designed[.]" (*Id.* at 5). It is undisputed that the "example" home was designed by architect Gary Wyant of Calvis Wyant Luxury Homes, Inc. (the "Wyant Design"). (Doc. 90 at 3, ¶ 11; Doc. 90-3 at 20). The Burrell Defendants contend that Plaintiff Macewicz "actually copied the [Wyant Design] to make the Burrell Residence and modified it per Burrell and Jantz's requests and instructions." (Doc. 93 at 2).

"[I]n order to establish that the plaintiff copied a preexisting work, a defendant must show that plaintiff had access to the prior work and that plaintiff's work is substantially similar to the prior work in both ideas and expression." *N. Coast Indus.*, 972 F.2d at 1033-34; *see also* 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.11 [B] n.50 (1991) ("Proof that the plaintiff copied from prior works should involve the same elements . . . as are required to establish copying by the defendant from the plaintiff, i.e., access and similarity."). In determining whether two works are "substantially similar" for the purposes of copyright infringement, the Ninth Circuit "employ[s] a two-part analysis: an objective extrinsic test and a subjective intrinsic test." *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004). "The extrinsic test

considers whether two works share a similarity of ideas and expression as measured by external, objective criteria [and] . . . requires analytical dissection of a work and expert testimony." *Id.* (internal quotations and citation omitted). "[T]he subjective question whether works are intrinsically similar"—i.e., the subjective intrinsic test—"must be left to the jury." *Id.*

"Because substantial similarity is customarily an extremely close question of fact, summary judgment has traditionally been frowned upon in copyright litigation." *A.A. Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 977 (2d Cir. 1980) (citation omitted); *see also Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991) (expressing "a certain disfavor for summary judgment on questions of substantial similarity"); *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1984) ("[S]ummary judgment . . . is a practice to be used sparingly in copyright infringement cases."). "Where reasonable minds could differ on the issue of substantial similarity . . . summary judgment is improper." *Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th Cir. 1990).

Here, it is undisputed that Plaintiff Macewicz had access to the Wyant Design. (Doc. 90 at 3, ¶¶ 8-11). The issue is whether the Burrell Residence is substantially similar to the Wyant Design. After comparing the Burrell Residence and Wyant Design, the Court finds there is a genuine issue of fact as to whether the Burrell Residence is substantially similar to the Wyant Design. (*See* Doc. 95-2 at 16, 18). Further, as explained in the following section, there are additional issues of material fact regarding the originality of the Burrell Residence's design. The Court will deny Plaintiff JADD's Motion for Partial Summary Judgment (Doc. 87). *See, e.g.*, *Frank Betz Assocs., Inc. v. J.O. Clark Const., L.L.C.*, No. CIV.A 3:08-CV-00159, 2010 WL 2253541, at *15 (M.D. Tenn. May 30, 2010) (denying summary judgment in copyright dispute over home designs because the "inherent subjectivity" of the substantial similarity inquiry makes summary judgment on the issue "rarely appropriate").

**B. The Burrell Defendants' Motion for Summary Judgment (Doc. 89)**

The Burrell Defendants move for summary judgment on three grounds: (i) the Burrell Residence's design is not protected by copyright; (ii) even if the Burrell Residence's design is protected by copyright, the Burrell Defendants are not liable for vicarious or contributory infringement; and (iii) Plaintiffs do not have a valid claim for damages. (Doc. 89 at 5-16).

### 1. There are Genuine Issues of Fact as to Whether the Burrell Residence's Design is Protected by Copyright

As explained in the previous section, the Court finds that there is a genuine issue of material fact as to whether the Burrell Residence is substantially similar to the Wyant Design in relation to the contention that Plaintiff Macewicz copied the Burrell Residence's design from the Wyant Design. The Burrell Defendants also assert that the Burrell Residence is not original and protected by copyright because "Plaintiffs included the design elements that Mr. Burrell and Ms. Jantz had asked to be included and arranged the way Mr. Burrell and Ms. Jantz, with input from their team of professionals, asked for them to be arranged. [SUF ¶ 36]."[4] (Doc. 89 at 8).

Copyright protection extends to a particular expression of an idea. *Boisson v. Banian, Ltd*, 273 F.3d 262, 268 (2d Cir. 2001). Although it is undisputed that Burrell and Jantz provided certain parameters and ideas for the Burrell Residence's design (Doc. 90 at 3, ¶ 8), there is sufficient controverting evidence indicating that Plaintiff Macewicz used creativity in designing a home that encompassed those parameters and ideas. *See Compass Homes, Inc. v. Trinity Health Grp., Ltd.*, No. 2:13-CV-647, 2016 WL 3406054, at *6 (S.D. Ohio June 21, 2016) (defendant homeowner "simply put marks to show where she wanted certain features like a toilet and a sink to be located . . . . [T]he evidence is uncontroverted that it was [the designer] who put the ideas to expression by designing the

---

[4] The Burrell Defendants clarify that they are not claiming that they own a copyright in the Burrell Residence's design as authors or co-authors. (Doc. 97 at 9).

copyrighted floor plans on [the designer's] computer"). To reiterate, "the requisite level of creativity is extremely low; even a slight amount will suffice." *Feist*, 499 U.S. at 345 (internal quotations omitted). A jury could reasonably conclude that in designing the Burrell Residence, Plaintiff Macewicz exercised the minimal degree of creativity that is required for copyright protection.

In addition, the Court finds that Plaintiff JADD has produced sufficient evidence disputing the Burrell Defendants' assertion that the Burrell Residence is not original because "[t]here were only a limited number of ways to configure the home using Mr. Burrell's example floor plan that would meet the site requirements, zoning regulations, and Mr. Burrell and Ms. Jantz's parameters."[5] (Doc. 89 at 8). The Burrell Defendants' Motion for Summary Judgment (Doc. 89) is denied as to the issue of whether Plaintiff JADD holds a valid copyright in the Burrell Residence's design.

### 2. There are Genuine Issues of Material Fact as to Whether the Burrell Defendants are Liable for Vicarious or Contributory Copyright Infringement

There are three doctrines of copyright liability: direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement. To prove a claim of direct copyright infringement, a plaintiff must show that he owns the copyright and that the defendant violated one or more of the plaintiff's exclusive rights under the Copyright Act. *A & M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). A person may be liable as a contributory infringer if the person has knowledge of the infringing activity and induces, causes, or materially contributes to the infringing conduct of another. *Id.* at 1019 (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). The knowledge requirement for contributory

---

[5] Architectural design components that are required by functional considerations are not protected by copyright. *Harvester, Inc. v. Rule Joy Trammell + Rubio, LLC*, 716 F. Supp. 2d 428, 441 (E.D. Va. 2010). "[U]nder the merger doctrine, infringement will not be found if a particular idea can only be expressed in a very limited number of ways . . . ." *Greenberg v. Town of Falmouth*, No. CIV.A. 04-11934-GAO, 2006 WL 297225, at *2 (D. Mass. Feb. 8, 2006).

| | |
|---|---|
| 1 | copyright infringement includes both those with actual knowledge and those who have |
| 2 | reason to know of direct infringement. *Id.* at 1020. Finally, a defendant is vicariously |
| 3 | liable for copyright infringement if he enjoys a direct financial benefit from another's |
| 4 | infringing activity and "has the right and ability to supervise" the infringing activity. *Id.* |
| 5 | at 1022 (quoting *Gershwin Publ'g Corp.*, 443 F.2d at 1162). The vicarious infringer need |
| 6 | not know that he is infringing. *MetroGoldwyn-Mayer Studios Inc. v. Grokster*, *Ltd.*, 125 |
| 7 | S.Ct. 2764, 2776 n.9 (2005). |
| 8 | The Amended Complaint alleges that the Burrell Defendants are liable for |
| 9 | vicarious and contributory copyright infringement. (Doc. 54 at 10, ¶¶ 38-39). The |
| 10 | Burrell Defendants assert that they did not have a right or ability to supervise the |
| 11 | completion of the design process, permitting, and construction of the Burrell Residence |
| 12 | and therefore cannot be liable for vicarious infringement. (Doc. 89 at 9). The Burrell |
| 13 | Defendants assert that "Mr. Burrell's sole right in this process was limited to identifying |
| 14 | construction errors. [SUF ¶ 48] 5650 Wilkinson, Black Dog, and Kayla Jantz were not |
| 15 | parties to the Building Contract and had no right to supervise." (*Id.*). It is further |
| 16 | contended that Defendant Burrell did not have a direct financial interest in any infringing |
| 17 | actions by the home builders because the real estate at issue is owned by Defendant 5650 |
| 18 | Wilkinson, LLC and not Defendant Burrell. (*Id.*). |
| 19 | It is undisputed that Burrell is authorized to make business decisions on behalf of |
| 20 | Black Dog Management, L.P. (Doc. 98 at 9, ¶ 112). Defendant 5650 Wilkinson, LLC is |
| 21 | the current record owner of the real property upon which the Burrell Residence was built, |
| 22 | and Defendant Burrell is the sole manager and member of that entity. (Doc. 90 at 10, ¶¶ |
| 23 | 50-52). Jantz deeded the property to 5650 Wilkinson, LLC in June 2016—after the |
| 24 | effective date of the Certificate of Registration concerning the purported copyright in the |
| 25 | Burrell Residence's design. (*Id.*, ¶ 51; Doc. 88-3 at 4). The Court concludes that genuine |
| 26 | issues of material fact exist regarding whether the Burrell Defendants are liable for |
| 27 | vicarious copyright infringement. |
| 28 | The Burrell Defendants also argue that they are not liable for contributory |

infringement, asserting that:

> Neither Mr. Burrell nor Ms. Jantz had any interaction with Mr. Spencer with respect to the work that he performed, nor did they provide him with copies of Plaintiffs' designs. [SUF ¶ 53] Mr. Burrell was simply invoiced for Mr. Spencer's services by ATB. Per the terms of the Building Contract, Mr. Burrell was not expected or allowed to direct Mr. Spencer's actions or have any direct contact with him. [SUF ¶ 54] At no time did Mr. Burrell or Ms. Jantz instruct, cause or induce anyone to copy Plaintiffs' Burrell Residence designs. [SUF ¶ 55].

(Doc. 89 at 10).

In response, Plaintiffs point to evidence that Plaintiff Macewicz emailed Defendants Burrell and Banner: "I have not given anyone permission to use my designs, and to do so is a violation of federal copyright law. CSOF 105, 106." (Doc. 94 at 12). Plaintiffs also cite evidence that Defendants Banner, Spencer, and ATB "would not have used Plaintiffs' Burrell residence work as the source for the construction documents, and the construction of the house itself, without the active assistance and direction of Burrell and Jantz." (*Id.*). The Building Contract defines (i) Burrell and Jantz as "The Owner"; (ii) CBAN Properties, LLC as the "Project Manager"; (iii) ATB as "The Builder"; and (iv) 5650 N. Wilkinson, Paradise Valley, Arizona as "The Property." (Doc. 93-2 at 131). The Building Contract states that the "Project Manager & Builder have worked with the Owner and have caused Architectural, Landscape Design & Civil Engineering plans to be drawn for the work to be built on The Lot." (*Id.*). Defendants have not introduced sufficient evidence casting doubt that the architectural plans used to construct the Burrell Residence did not copy the design created by Plaintiff Macewicz. Considering the evidence and drawing all inferences from it in the light most favorable to Plaintiffs, the Court finds a genuine issue of material fact as to contributory copyright infringement.[6]

---

[6] In its Response (Doc. 94 at 9), Plaintiff JADD alleges that the Burrell Defendants are direct infringers. The Court does not address that issue as it was not raised in the Motion for Summary Judgment (Doc. 89).

- 11 -

### 3. There are Genuine Issues of Material Fact as to Damages

The Amended Complaint seeks injunctive relief, along with all monetary remedies provided by 17 U.S.C. § 504(b). (Doc. 54 at 10-11).

Under 17 U.S.C. § 504(b), a plaintiff may elect to receive "the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Alternatively, under § 504(c), "the copyright owner may elect, *at any time before final judgment is rendered*, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work." (emphasis added).

"The existence of damages suffered is not an essential element of a claim for copyright infringement." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 158 (2d Cir. 2001), *as amended* (May 15, 2001) (citing *Feist*, 499 U.S. at 361); *see also* 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.01, at 13-6 *159 (1999) ("Notably absent from this formulation of the prima facie case is damage or any harm to [the] plaintiff resulting from the infringement."). "The owner of a copyright is thus entitled to prevail in a claim for declaratory judgment of infringement without showing entitlement to monetary relief." *On Davis v. The Gap, Inc.*, 246 F.3d at 158.

In addition, a plaintiff may elect statutory damages for copyright infringement "regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits." *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001) (internal quotation marks and citation omitted). This is because "awards of statutory damages serve both compensatory and punitive purposes[.]" *Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998). "The availability of statutory damages ensures there will always be an avenue open to sanction an infringer and vindicate the statutory policy of discouraging infringement." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). However, as a precondition to obtaining statutory damages and

attorney's fees, a plaintiff must have registered its copyright before the alleged infringement. 17 U.S.C. § 412.

Because the Court has denied summary judgment on the issues of the validity of Plaintiff JADD's alleged copyright and the Burrell Defendants' liability for the alleged copyright infringement, the Court finds that summary judgment on damages is premature at this time. *See Home Design Servs., Inc. v. Trumble*, No. 09-CV-00964-WYD-CBS, 2011 WL 843900, at *2 (D. Colo. Mar. 8, 2011) (concluding that any finding regarding damages, actual or otherwise, concerning alleged copyright infringement was premature before the plaintiff prevailed on issue of liability); *Soft-Aid, Inc. v. Sam-on-Demand*, No. CV 14-10419-LTS, 2016 WL 10919656, at *9 (D. Mass. Aug. 11, 2016) ("At this stage, issues of fact preclude summary judgment on the issue of infringement. Therefore, the Court is disinclined to analyze the issue of remedies on an incomplete record prior to a determination on infringement. It is more appropriate to reserve determination on the issue of remedies until the trier of fact has a complete factual record before it."). Moreover, the Court finds that there are genuine issues of material fact concerning Plaintiffs' claim for actual damages and infringer profits. The Burrell Defendants' Motion for Summary Judgment (Doc. 89) will be denied as to the issue of damages.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff JADD's Motion for Partial Summary Judgment (Doc. 87).

**IT IS FURTHER ORDERED** denying the Burrell Defendants' Motion for Summary Judgment (Doc. 89).

Dated this 29th day of October, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge

- 13 -